Van Vorst, J.
The will of Frederick ft. Lee was written by himself. It is drawn with a care not usually found in testaments written by one unfamiliar with the law applicable to wills, or the principles of construction which apply to such documents.
This will is presented for construction, and it is urged, on the behalf of the plaintiff and others interested in this controversy, that some of the provisions are ambiguous, and others invalid. It is the duty of the court to ascertain from the will itself the intentions of the testator, and, if the provisions of the will are legal, to give effect to them according to the intention of the testator. Invalid provisions, as a matter of course, must fail.
The first question which arises is in respect to the direction given to the principal sum of $2,000, ordered by the testator to be invested for the benefit of the testator’s sister, Eliza A. Howe.
I am of the opinion that such principal sum is disposed of after the death of the testator’s sister by the residuary clause, and goes to the persons entitled under the will to the residuary estate. And if there be any invalidity in the disposition of thé residuary estate, the disposal of that sum is affected thereby. The validity of the disposition of a part of the residuary estate is, however, assailed.
One-half of the residuary estate was given to trustees, who were directed to receive the income thereof during the lifetime of the testator’s son Henry W. Lee, and to pay the same *79 to him so long as he should live. But upon his death leaving a wife him surviving, one-quarter of the income was to be paid to her so long as she should remain unmarried. On his death without leaving a widow, the whole of such share set apart for his benefit, or if he should leave a widow, three-quarters of such share was given absolutely and in ‘fee to his children. But should his son leave “ a widow,” then at her death or remarriage the one-quarter of his share was disposed of in like manner as the rest of the share. It is urged that as to the one-quarter of one-half of the residuary estate reserved for the benefit of the widow of the testator’s son Henry W. Lee, should he leave a widow, the disposition made thereof upon her death or remarriage is invalid. In support of this contention I am referred to Schetler agt. Smith (41 N. Y., 328). That case has been repeatedly approved and followed in subsequent decisions.
Henry W. Lee was married at the time of his father’s death, and he as well as his then wife are still living. Precisely those conditions existed in Schetler agt. Smith (supra). There Lawrence Smith, the testator’s son, had a wife and issue living at the time of the making of the will, and also at the death of his father. It was held in the case above cited that, as the trust was to continue during the life of the widow of the testator’s son, if he left a widow, it would include “ any Avife that might survive him.” That it was possible that the son, on the death of his then wife, might marry a woman, “ not in being ” at the testator’s death. And that under such circumstances, and in view of such possibility, the trust was void. The alternative condition, however, which ended the trust, in the event that the testator’s son should die without leaving a widow, was held to be valid.
It would be premature, therefore, at this time to pronounce this portion of the will invalid, for effect may be given to the testator’s actual disposition of this one-quarter interest, in the event that Henry W. Lee should leave no widow at his death.
*80 The ease is, however, quite different with regard to the one-quarter interest of the one-half of the residuary estate, continued in the trustees for the benefit of the widow of his son Stephen A. Lee, in the event that he should die leaving .a widow.
Stephen A. Lee died after the testator’s death, leaving a widow and several children. And these facts present the alternative condition, upon which the trust was to continue after the death of the testator’s son, and upon which the gift to the children was made, and which, in the case above cited, is declared to be void. The consequence is that, as to this one-quarter of the one-half of the residuary estate, the testator in law died intestate.
The language of G-rover, J., in Schetler agt. Smith, is express upon this point, for he says: “ Should, therefore, Lawrence die, leaving a widow him surviving, the trust to convey to his, or the issue of the other children, being too remote and void, it would follow that the testator died intestate as to his portion of his estate, and that it would be disposed of under the statutes provided for such cases.”
The opinion of Daniels, J., in the same case, pages 346 and 347, is to the same effect. He says: “ The final vesting of the will is rendered dependent upon the previous expiration of the widow’s life estate,” and “ if the life estate fails, of course the remainder made dependent, and which it is provided shall take effect upon its termination, must also fall with it, for the event can never in that view of the ease arise upon which the remainder was to become vested.”
I am led to urge these last observations, because it has been argued by the learned counsel for the children of Stephen A. Lee, that the gift to them might still be upheld. Under the above case it cannot. It is urged in their behalf that the consequence of such decision will be to give the children of Henry W. Lee a portion of this quarter interest, and work an inequality in opposition to the testator’s intentions. But such result cannot be avoided if the expressed intention, *81 and we can gather the intention only from the will itself, be illegal.
The mil contains a gift of $2,000, upon the death of the testator’s wife, to his grandchildren “ in being ” at that time, such of them, however, as were under the age of twenty-three years to be paid their shares on arriving at that age. Two grandchildren, Eliza G. and Frederick ft. Lee, were excepted.
Grandchildren born after the testator’s death, but during the lifetime of the widow, take a share of this gift. Grandchildren born after the death of the widow do not participate in this legacy. The statute disposes of the shares of the grandchildren who died intestate during the lifetime of the widow.
The grandchild Herbert F. Lee, although born after the death of his father Stephen A. Lee, is embraced within the terms of the gift to his children “ then in being; ” and within the provisions of the statute and the policy of the law should share equally with his brothers and sisters in the share set apart to his father (1 R. S., 725, sec. 30; Mason agt. Jones, 2 Barb., 229 ; 2 R. S., 65, sec. 49).
The after-added provisions of the will, near its close, by which it is sought to continue the trust over the shares of minors in the residuary estate is void in so far as the $2,000, held for the life of Eliza Howe, is concerned. That portion of the residuary estate has already been subjected to a trust for two lives.
The gift to the testator’s grandchildren was, as has been already seen in a previous part of the will, made in absolute terms at the time they were limited to take effect. And the latter added invalid trust $nay be dropped, and the principal sum should be paid to the persons entitled thereto, when entitled, as though such latter trust had not been attempted to be made.
The testator omitted to name trustees over the share in the estate designed for his son Henry W. Lee, but there is sufficient in the will to indicate the persons intended by him to act as such trustees. Such persons were clearly Hiram M. *82 Forrester and Marcus Sackett, and the blanks left in the will should be considered as filed with the names of three persons evidently in the testator’s mind at the time he executed the will.
There was no equitable conversion of the real estate into personalty, as the power to sell was not imperative.
I think that the foregoing sufficiently covers all the questions which have been discussed, and will enable the counsel engaged to prepare the necessary findings of fact and conclusions of law.
The findings and conclusions should be made to carry out the views above expressed, and should be submitted to all the counsel engaged before being presented for signature, which may be done on the first Monday of May next.